FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2012 MAY -1  PM 1: 01

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

ALICIA SLOAN, on her own
behalf and on behalf of others
similarly situated,

        Plaintiff,

v.

TACO BELL OF AMERICA, LLC,

        Defendant.

_____/

CASE NO.:

6:12-CV-659-Or1-31DAB

## NATIONWIDE COLLECTIVE ACTION AND FLORIDA CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ALICIA SLOAN (hereinafter refered as "Plaintiff"), on behalf of herself and other non-exempt Shift Managers ("SMs"), by and through undersigned counsel, file this Complaint against Defendant, TACO BELL OF AMERICA, LLC. ("TB" or "Defendant") and state as follows:

### NATURE OF THE ACTION

1.      Plaintiff alleges on behalf of herself and others similarly situated current and former non-exempt Shift Manager ("ASMs") employees of the Defendant, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid overtime wages from Defendant, (ii) entitled to unpaid minimum wages (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; (iv) entitled to damages under the common law doctrine of unjust

enrichment; (v) entitled to declaratory relief pursuant to 28 U.S.C. §2201; and (vi) entitled

to an award of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b), Article

X, Section 24 of the Florida Constitution, and/or FL Stats § 448.08.

2.     Specifically, Plaintiff complains that she, as well as other similarly situated SMs,

were regularly required to work off-the-clock, as a result of Defendant's nationwide

corporate policies, applicable to all of Defendant's "Taco Bell" restaurants operated by

Defendant.  Among the common plans and/or schemes, applicable to all of Defendant's

SMs in its stores nationwide, Plaintiff complains that TB:

> (a)     calculates its weekly payroll in strict compliance with the budgeted hours
>
> dictated by Defendant's centralized TACO system, regardless of hours
>
> actually required or actually worked in each store each week;
>
> (b)     automatically deducts a thirty (30) minute break for each shift worked,
>
> notwithstanding the fact that the SMs are often not given uninterrupted
>
> breaks of thirty (30) minutes or more;
>
> (c)     fails to provide a procedure and/or mechanism under which SMs who have
>
> worked through some a all of their 30 minute break such that SMs are
>
> unable to request credit for such time worked;
>
> (d)     manipulates the compensable time worked by SMs who work over 40
>
> hours, by retroactively editing their time to make it appear as if they worked
>
> few hours Plaintiff;

3.     Based on Defendant's aforementioned nationwide policies, Plaintiff, and those

employees similarly situated to Plaintiff, were not paid the statutorily required minimum

wage, their regular hourly rate and/or overtime premiums for all hours worked.

## JURISDICTION

4.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

6.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

7.      This court has independent jurisdiction over the Florida Constitution and unjust enrichment claims pursuant to 28 U.S.C. §1332(d) because the amount in controversy exceeds $5,000,000.00 and at least 1 member of the putative class of Plaintiffs is a citizen of a state different from Defendant.

8.      This Court has jurisdiction over the Florida Constitution and unjust enrichment claims pursuant to 28 U.S.C. §1367.

9.      Venue is proper in this Court because the Plaintiff resides within the District and Defendant maintains business operations within the District.

## PARTIES

10.     At all times material hereto (2003-2011), Plaintiff, ALICIA SLOAN, was a resident of Sumter County, Florida.

11.     Further at all times material hereto, Plaintiff, ALICIA SLOAN, was a non-exempt SM and performed related activities for Defendant in Marion County, Florida.

12.     At all times material hereto Defendant, TB, was, and continues to be a Delaware Limited Liability Company, with its principal place of business in California.

13.     At all times material hereto, Defendant, TB, was, and continues to be, engaged in business in Florida, with a place of business in Marion County, Florida.

14.     Defendant, operates a total of over 4,000 restaurants under the "Taco Bell" name, throughout the United States.

## COVERAGE

15.     At all times material hereto (2003-2011), Plaintiff was Defendant's "employee" within the meaning of the FLSA.

16.     At all times material hereto, Defendant was the Plaintiff's "employer" within the meaning of the FLSA.

17.     Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

18.     At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

19.     Specifically, at all material times hereto, Defendant operated thousands of restaurants in multiple states, throughout the United States simultaneously.

20.     At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

21.     At all times material hereto, the annual gross revenue of Defendant was in excess of $500,000.00 per annum.

22.     At all times material hereto, Defendant had two (2) or more employees handling,

selling, or otherwise working on goods or materials such as food products, that had been moved in or produced for commerce.

## STATEMENT OF FACTS

23.    Defendant operates TB restaurants throughout the United States, where it sells fast food Mexican cuisine.

24.    TB's labor costs represent approximately 30 percent of every sales dollar. *See* Jackie Huetter and William Swart, *An Intergraded Labor-Management System for Taco Bell*, INTERFACES 28: 1 January–February 1998 75 (1998).

25.    TB's labor costs are among its largest controllable cost.

26.    TB seeks to control these labor cost by using a rigid forecasting system, based on stores sales.

27.    At all times relevant hereto, Plaintiff was employed by Defendant as a non-exempt hourly-paid SM.

28.    Plaintiff, ALICIA SLOAN, worked in this capacity from approximately from 2003 through October 2011.

29.    As an SM, Plaintiff was paid hourly wages in exchange for work performed for Defendant, for all hours Defendant credited Plaintiff with working.

30.    During the relevant period of time (2003-date) Defendant employed and continues to employ thousands of SMs who were/are paid an hourly wage as well.

31.    Plaintiff and those similarly situated to her, routinely worked, and continue to work, in excess of forty (40) hours per week as part of their regular job duties.

32.     Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to her, overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

33.     Similarly, Defendant failed, and continues to fail, to pay Plaintiff, and those similarly situated to her, at least the minimum wage for all hours of work.

34.     Defendant failed, and continues to fail, to pay Plaintiff, and those similarly situated to her, their regular hourly rates for all hours of work.

35.     Defendant's failure to pay Plaintiff, and those similarly situated to her, minimum wage, their regular hourly rate(s) and/or overtime premiums, resulted from a nationwide pay policies, whereby all of Defendant's stores required SMs to work off-the-clock.

36.     Such nationwide policies resulted directly from Defendant's unrealistic mandated budgeted hours for each restaurant, as dictated by Defendant's high-level executives, and the implementation of Defendant's other aforementioned policies.

37.     Such unrealistic, mandatory budgeted hours were and are in place at all of Defendant's stores nationwide.

38.     In order to maintain labor hours, as required by the budgeted hours program that TB dictates to all of its stores, the in-store management require the SMs to work off-the-clock, or work without recording at least some of their hours worked.

39.     Defendant was/is aware of the off the clock hours performed by Plaintiff and the class members.

40.     TB aforementioned policies whereby TB required SM's to work off the clock exist despite TB's written policies purporting to prohibit such off the clock work

41.     In addition to Plaintiff, Defendant has employed and continues to employ thousands of other individuals as SMs who performed and continue to perform the same or similar job duties under the same pay provisions as Plaintiff and the class members nationwide.

42.     Defendant was unjustly enriched by accepting the benefit and value of the off-the-clock work performed by its SMs but not compensating Plaintiff for this work.

43.     Among the common plans and/or schemes, applicable to all of Defendant's SMs in all of Defendant's stores nationwide, Plaintiff complains that TB:

   (a)     calculates its weekly payroll in strict compliance with the budgeted hours dictated by Defendant's centralized TACO system, regardless of hours actually required or actually worked in each store each week;

   (b)     automatically deducts a thirty (30) minute break for each shift worked, notwithstanding the fact that the SMs are often not given uninterrupted breaks of thirty (30) minutes or more;

   (c)     fails to provide a procedure and/or mechanism under which SMs who have worked through some a all of their 30 minute break such that SMs are unable to request credit for such time worked;

   (d)     manipulates the compensable time worked by SMs who work over 40 hours, by retroactively editing their time to make it appear as if they worked few hours Plaintiff;

44.     Defendant has violated Title 29 U.S.C. §§206-207 at least from 2003 and continuing to date, in that: Plaintiff worked in excess of forty (40) hours per week for her periods of employment with Defendant;

      a.      No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff, and those similarly situated to her, at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

      b.      No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff, and those similarly situated to her, at a rate equal to the applicable Federal minimum wage, for all hours worked, as required by the FLSA;

      c.      No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff, and those similarly situated to her at a rate equal to the applicable Florida minimum wage, for all hours worked, as required by the Article X, Section 24 of the Florida Constitution;

      d.      Defendant has been unjustly enriched, by virtue of the fact that it has accepted work from Plaintiff, and those similarly situated to her, but failed to pay Plaintiff, and those similarly situated to her, at least their regular hourly rate for all such hours worked.

## COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiff and the class members were all non-exempt hourly-paid SMs.

46.     Plaintiff and the class members all performed the same or similar job duties as one another at Defendant's Restaurants.

47.     Plaintiff and the class members were subjected to the same pay provisions in that they were all hourly-paid, but were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek and/or were not paid anything whatsoever, for at least some hours of work each week.

48.     All SMs were subject to a 30 minute automatic deduction for all or some of their work shift.

49.     However, SMs were rarely allowed to take an uninterrupted 30 minute notwithstanding Defendant's deduction for same.

50.     During these mandatory thirty (30) minute "unpaid meal breaks," SMs were not permitted to leave the premises of the store at which they were working.

51.     Further, because only SMs or Shift Managers (not other hourly employees) were allowed to perform certain duties in the store, such as re-stocking the change in a register, or dealing with an unruly customer, SMs were constantly required to work through their "unpaid meal breaks" while off-the-clock.

52.     As a result, SMs were virtually never able to take a thirty (30) minute uninterrupted breaks.

53.     Notwithstanding the fact that SMs were virtually never able to take a thirty (30) minute uninterrupted break, Defendant recorded a thirty (30) minute "unpaid meal break"

in all shifts in which they worked six (6) or more hours.

54.    Despite Defendant's knowledge that SM's work through their auto deducted breaks, Defendant fails to maintain any procedure by which SM's can notify Defendant that worked through such "breaks."

55.    The class members are owed minimum and overtime wages for the same reasons as Plaintiff.

56.    Defendant's failure to compensate employees for some hours worked in a workweek as required by the FLSA results from a policy or practice of failure to assure that SMs are/were paid for all hours worked based Defendant's companywide policy of mandating off-the-clock work, to ensure that the labor hours in each store stay within the hours budgeted for the store by Defendant's management.

57.    The policies, practices or schemes complained of herein were applicable to Plaintiff and the class members.

58.    Application of these policies, practices or schemes does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

59.    Rather, the same policy or practice which resulted in the non-payment of minimum wages and/or overtime to Plaintiff applied and continue to apply to all class members. Accordingly, the class members are properly defined as:

**All Shift Managers who worked for Defendant within the State of Florida and the United States within the last three years who were not compensated at least minimum wage for all hours worked and/or at least at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

60.    Defendant knowingly, willfully, or with reckless disregard carried out its illegal

pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

61.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices:

      (a)     case law;

      (b)     the FLSA, 29 U.S.C. § 201, *et seq.*; or

      (c)     Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

62.     During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate at least equal to minimum wage and/or at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

63.     Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

64.     Defendant has failed to maintain accurate records of Plaintiff and the class members' work hours in accordance with the law.

## CLASS ALLEGATIONS

65.     Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

66.     Plaintiff brings his Florida Constitution and unjust enrichment claims on behalf of

all employees who were employed by Defendant in Florida at any time since **2006** to the entry of judgment in this case (the "Class Period"), who were "non-exempt hourly-paid shift managers" employees and who have not been paid for all hours actually worked.

67.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are hundreds of members of the Class during the Class Period.

68.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - - particularly in the context of wage and hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

69.     The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

70.     Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiffs applied, and continues to apply, to all class members. Accordingly, the class members are properly defined as:

> **All shift managers who worked for Defendant throughout Florida within the last six years who were not paid for all hours worked in one or more workweeks.**

71.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

72.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

73.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.     Whether Plaintiff and members of the Class worked off-the-clock hours as alleged;

    b.     Whether Defendant was aware that Plaintiff and members of the Class worked off-the-clock hours as alleged;

    c.     Whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

    d.     What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    e.     Whether Defendant failed and/or refused to pay the members of the Class for all hours worked as alleged;

    f.     Whether the Defendant is liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

74.     Plaintiff re-alleges and re-avers paragraphs 1 through 73 the Complaint as if fully

set forth herein.

75.      From at least 2003, and continuing through 2011, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

76.      Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

77.      At all times material hereto, Defendant failed, and continues to fail, to maintain proper/accurate time records as mandated by the FLSA.

78.      To date, Defendant continues to fail to pay their non-exempt hourly-paid employees their FLSA mandated overtime pay, despite their recognition that their position is non-exempt and entitled to same.

79.      Defendant's actions in this regard was/is willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

80.      Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

81.      Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

82.      Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to

29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF MINIMUM WAGES (FLSA)

83.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 82 above.

84.     Plaintiff was/is entitled to be paid minimum wage for each hour she worked during her employment with Defendant.

85.     Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate her for the same.

86.     As a result of Defendant's actions or inactions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of her employment with Defendant.

87.     Defendant willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

88.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

## COUNT III
## UNJUST ENRICHMENT

89.     Plaintiff reasserts and reincorporates by reference all allegations contained within paragraphs 1 through 88 above.

90.     This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form a part of the

same case or controversy and arise out of the common nucleus of operative facts as their minimum wage and overtime claims.

91.     Plaintiff and all others similarly situated to her performed off the clock as referenced above.

92.     Plaintiff and all others similarly situated SMs were not compensated for these hours.

93.     Defendant knowingly accepted the SMs off the clock work, but Defendant did not compensate Plaintiff for this work.

94.     Defendant has been unjustly enriched as a result of its accepting the work of Plaintiff and other similarly situated employees without proper compensation. It would be unjust to allow Defendant to enjoy the fruits of the collective class' labor without proper compensation.

95.     Plaintiff's unjust enrichment claim seeks unpaid straight time compensation for the SMs off the clock work where Plaintiff made at least the minimum wage for all hours worked.

## COUNT IV
## VIOLATION OF FLORIDA CONSTITUTION

96.     Plaintiff, on behalf of herself and all others similarly situated, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 95 above as if fully set forth herein.

97.     Plaintiff and those similarly situated employees are/were entitled to be paid minimum wages for each hour worked during employment with Defendants.

98.     Specifically, Plaintiff and those similarly situated employees were not paid the proper minimum wage, pursuant to Article X, Section 24 of the Florida Constitution.

99.     Defendants willfully failed to pay Plaintiff and those similarly situated employees

minimum wages for one or more hours during their employment contrary to Article X, Section 24 of the Florida Constitution.

100.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated employees have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

101.    Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage and an equal amount as liquidated damages.

102.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and their counsel to represent the Class;

b.      Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action

members;

c.      An award of unpaid minimum wages and overtime compensation due under the FLSA;

d.      Straight time compensation under state law unjust enrichment for time spent working off the clock for those workweeks where Plaintiff and the class members made at least the minimum wage for all hours worked;

e.      An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C § 216;

f.      An award of prejudgment and post judgment interest;

g.      Declaratory relief pursuant to the DJA and FLSA finding that all hours worked by Plaintiff and the class members should be paid at an amount at least equal to the applicable minimum wage and that all hours worked over forty in a workweek should be paid time and one-half of an employees' regular rate of pay;

h.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: April 19 , 2012.

Respectfully submitted by,

Andrew Frisch, Esquire
Florida Bar No. 27777
Trial Counsel for Plaintiff
Morgan & Morgan, P.A.
6824 Griffin Road
Davie, Florida 33314
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
Email: afrisch@forthepeople.com